IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| JOANN VALDERAS, AS NEXT FRIEND § <br> AND ON BEHALF OF J.V., *a minor* § <br> § <br> v. § <br> § <br> JIM HOGG COUNTY INDEPENDENT § <br> SCHOOL DISTRICT § | CIVIL ACTION NO. 5:23-cv-00054 <br> JURY |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**NOW COMES** Plaintiff Joann Valderas, as Next Friend and on Behalf of J.V., *a minor* (hereinafter "J.V." or "Plaintiff")[1], filing this *Plaintiff's Original Complaint*, complaining of Jim Hogg County Independent School District (hereinafter "Defendant" or "JHCISD") and showing in support thereof as follows:

### I. INTRODUCTION

1. This is an action for damages and injunctive relief to prevent Defendant from causing irreparable harm to J.V. by separating him from his right to deliver the valedictory at his upcoming graduation. It arises from the actions taken and/or procedures used by Defendant and its agents and/or employees in connection with a disciplinary proceeding initiated against Plaintiff concerning his alleged possession of a vape pen. Because no disciplinary action was taken against Plaintiff, the sanctions that Defendant has imposed upon J.V. as a result of its flawed policies and its procedural irregularities have resulted in an erroneous outcome.

2. J.V. is a seventeen-year-old student living with an intellectual disability based on dyslexia and dysgraphia. J.V. is also the Valedictorian of his graduating class. As a result of his disabilities,

---

[1] Plaintiff identifies himself, as well as any other JHCISD student, by their initials.

J.V. has received special education services under section 504 of the Rehabilitation Act of 1973 ("§504"), throughout his years as a student in the JHCISD school system. A student who receives services under §504 is entitled to certain rights, including the right to a manifestation determination before suspension or expulsion of the student with a disability if the disciplinary action constitutes a significant change in placement.[2]

3.  In his final semester of high school, J.V. was accused of possessing a vape pen on school property. As a result of the alleged infraction, J.V. was immediately placed on a customary two-day administrative suspension in order for Defendant to perform an investigation. Defendant also held an MDR and determined that J.V.'s alleged infraction and behavior (if true) manifested as a result of his intellectual disability (subjecting him to §504), but did not assess any form of discipline and/or punishment against him.[3] Also, as a result of the alleged infraction, Defendant informed J.V. that a "due process" hearing/meeting was to be held in the coming days, but such hearing/meeting never took place.

4.  Ultimately, other than the initial two-day investigatory suspension (which was procedural in nature and not the result of any punishment), J.V. was not disciplined for the allegations in any way whatsoever – most likely because the allegations against J.V. were false and were never proven.

5.  Almost two months later, JHCISD announced that J.V. had earned the honor of being named as Valedictorian of his graduating class. Even though the allegations against J.V. were essentially "dropped," two months after the alleged infraction occurred, J.V. received a letter from

---

[2] The Individuals with Disabilities Act ("IDEA") is a law that makes free public education available to eligible children with disabilities and ensures special education and related services to those children. Section 504's regulations do not use the term "manifestation determination" or "manifest determination review," but require an "evaluation" prior to a significant change in a student's placement. *See* 34 C.F.R. §104.35(a). For purposes of this pleading, this type of evaluation is referred to as a "manifestation determination review" or "MDR."

[3] Defendant has in place an MDR Review Committee that decides these matters.

Defendant's Superintendent disallowing and separating him from his right to deliver the valedictory at his upcoming graduation on June 2, 2023.

## II.   JURISDICTION AND VENUE

6. The Court has federal question jurisdiction under 28 U.S.C. § 1331, because J.V.'s claims arise under federal law, namely Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794(a).

7. The Court has supplemental jurisdiction over J.V.'s state law claims under 28 U.S.C. § 1367, because those claims are so closely related to his federal law claim as to form the same case or controversy under Article III of the United States Constitution.

8. This Court is an appropriate venue for this cause of action pursuant to 28 U.S.C. § 1391(b)(2). Defendant's principal place of business is within this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## III.   PARTIES

9. At all material times, J.V. resided within this judicial district, the Southern District of Texas, while attending school at Hebbronville High School.

10. JHCISD is a duly incorporated Texas governmental entity and operates public schools in the city of Hebbronville, Texas. Plaintiff requests that service of process be issued upon Defendant JHCISD, by serving its Superintendent, Dr. Susana P. Garza, at the central office of JHCISD, located at 210 W. Lucille St., Hebbronville, Texas 78361, or wherever she may be found.

## IV.   STATEMENT OF FACTS

11. Whenever in this complaint Plaintiff pleads that Defendant engaged in an act or omission, Plaintiff likewise pleads that Defendant, its officers, agents, servants, employees or

representatives, engaged in said act or omission in the course and scope of employment and/or with the full authorization or ratification of Defendant.

12. On or about March 7, 2023, J.V. was at school when he was allegedly seen by teacher Rudy Escamilla passing a vape pen either to or from another student, N.G. Escamilla approached both students and asked N.G. to empty his pockets, which did contain a vape pen. When questioned about the vape pen, J.V. explained that he was not the owner of the vape pen, but Escamilla told J.V. that he would not get into any trouble so long as he provided a written statement confessing to possession and ownership of the vape pen.

13. After the incident occurred, Defendant's administration collected numerous (approximately 14) "witness statements" that tended for the most part to support J.V.'s contention that he was not the true owner of the vape pen, but were somewhat conflicting and ultimately inconclusive.

14. After the incident, J.V. was immediately placed on a two-day administrative investigatory leave that was not considered to be punishment, but rather a routine procedure to remove the student from the school grounds while the incident was under investigation.

15. On or about March 8, 2023, the MDR Review Committee met and determined that *if* the allegations were found to be true, J.V.'s alleged behavior and infractions manifested as a result of his intellectual disability (subjecting him to §504), but did not assess any form of discipline and/or punishment against him. The Committee declined to make a determination regarding the truth of the allegations against J.V. Instead, it listed out the potential discipline J.V. could be subjected to and explained that the due process hearing to follow would be the proper forum to make that determination. Defendant further informed J.V. that a due process hearing/meeting was being held on March 10, 2023, but that hearing/meeting never took place.

16.     On or about April 27, 2023, Defendant announced that J.V. had earned the honor of being named Valedictorian of his graduating class. A few days later, on May 8, 2023, J.V. received a letter quoting the JHCISD Student Code of Conduct, which states:

> "The valedictorian and salutatorian may also have speaking roles at graduation. No student shall be eligible to have such a speaking role if he or she engaged in any misconduct in violation of the district's Code resulting in an **out of-school suspension**, **removal to a DAEP** or **expulsion** during the semester immediately preceding graduation."

(**emphasis added**). The letter goes on to tell J.V. that he will not be allowed to have any speaking role in his graduation ceremony.[4,5]

17.     Ultimately, the allegations regarding ownership and/or possession of the vape pen on school property were dropped, J.V.'s due process hearing was not held and J.V. was not disciplined. Even so, Defendant is erroneously treating J.V. as though he *was* disciplined – by (1) suspension, (2) removal to a DAEP and/or (3) expulsion, and using that non-existing punishment as support to prevent Defendant delivering the valedictory at his upcoming graduation.

18.     After receiving the news, several individuals reached out to J.V. who have personal knowledge that Defendant is separating J.V. from his right to deliver the valedictory at his upcoming graduation **because of** his disability. Put a different way, Defendant is of the position that J.V. should not be allowed to deliver the valedictory because he is disabled.

19.     Defendant's decision has destroyed J.V.'s future and caused him severe emotional distress. It has also violated J.V.'s due process, common law and statutory rights. As a result, J.V. now comes to this Court for redress.

---

[4] See *Exhibit 1*.
[5] Attached hereto, see also *Exhibit 2*, incorporated herein by reference, which is the Grievance Packet that contains Defendant's record of the incidents which form the basis of this Complaint.

## COUNT I: VIOLATIONS OF SECTION 504

20. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully restated herein and incorporates by reference paragraphs 1-19 as set forth above.

21. JHCISD, a public school district, is a recipient of federal funds within the meaning of that term under Section 504.

22. J.V. has a "disability" within the meaning of 29 U.S.C. § 705(9) and is otherwise a qualified individual under Section 504.

23. J.V. is being targeted and retaliated against because he is a disabled student under the plain meaning of Section 504, and as a result, J.V. is disallowed from participating in programs and activities that are subject to same.

24. JHCISD's actions and omissions constitute unlawful discrimination under 29 U.S.C. § 794(a). They further constitute bad faith and gross misjudgment, particularly in that Defendant's actions and omissions have resulted in Plaintiff being separated from his right to deliver the valedictory at his upcoming graduation.

25. JHCISD's actions and omissions are causing and will continue to cause Plaintiff irreparable injury for which there is no adequate remedy at law and will further disserve the public interest.

## COUNT II: DEPRIVATION OF DUE PROCESS
## 42 U.S.C. § 1983, Denial of Fourteenth Amendment Due Process

26. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully restated herein and incorporates by reference paragraphs 1-19 as set forth above.

27. This action is also brought against Defendant pursuant to 42 U.S.C. § 1983.

28. Defendant, acting under color of law, deprived plaintiff of his entitled participation in programs and/or activities without due process of law, in violation of the 4th and 14th Amendments of the United States Constitution.

29. Plaintiff has a constitutionally protected property interest in enrollment as a student in the JHCISD.

30. Plaintiff has a legitimate expectation of participating in the programs and/or activities he is entitled to through graduation. Defendant is disciplining Plaintiff without giving him a fair investigation as required by its own policies.

31. Defendant did not provide Plaintiff with: (1) notice of the charges against him; (2) an impartial tribunal to determine the validity of the charges against him; or (3) a meaningful hearing at a meaningful time.

32. Plaintiff seeks a declaration by this Court, in accordance with 28 U.S.C.§ 2201 and the Texas Uniform Declaratory Judgment Act, Texas Civil Practice & Remedies Code, Sections 37.001, *et seq.*, that Defendant violated his constitutional rights.

33. 42 U.S.C. § 1983 provides, in pertinent part, that any person who deprives any citizen of the United States of any rights, privileges, or immunities secured by law shall be liable to the party injured in an action at law or in equity.

34. The Fourteenth Amendment to the Constitution provides that no state shall "deprive any person of life, liberty or property, without due process of law."

35. Defendant is a state actor subject to the Fourteenth Amendment.

36. A person has a protected liberty interest in his good name, reputation, honor, and integrity, of which he cannot be deprived without due process.

37. A student's interest in pursuing an education is included in the Fourteenth Amendment's protection of liberty and property. A student facing separation from his right to deliver the valedictory in his upcoming graduation ceremony at a public educational institution is entitled to the protections of due process.

38. Due process requires, at minimum, notice and opportunity for a meaningful hearing.

39. "Meaningful hearing" is disputed across federal circuits, and courts are clear that an accused student may not be entitled to the full protections he might receive in a criminal trial.

## COUNT III: BREACH OF CONTRACT

40. J.V. repeats and re-alleges the allegations of the preceding paragraphs as if fully restated herein.

41. J.V. is enrolled in as a student within the JHCISD school system. In return, JHCISD contracted to provide J.V. access to education, as well as its programs and activities. J.V. did so with the understanding and reasonable expectation that Defendant would apply and enforce the policies and procedures set forth in their official publications.

42. Defendant breached its contract with J.V. when it failed to provide him with a fair investigation or hearing, which resulted in his separation him from his right to deliver the valedictory at his upcoming graduation.

43. At all times material to this petition, J.V. was ready, willing, and able to perform his part of the agreement between the parties, and did in fact perform each and every part of the agreed upon contract.

44. In violation of all promises and obligations under the agreement described herein, Defendant failed to conform to the terms of the contract. Plaintiff fully performed all duties agreed upon under his contract.

45. The relationship is therefore contractual in nature, and Defendant's official publications and written policies serve as evidence of the contract between these parties.

46. JHCISD is bound to follow its written policies and procedures, including those contained in the district's rules.

47. Defendant breached its contract with J.V. by failing to comply with their obligations and follow their written policies and procedures during the investigation and adjudication process.

48. Defendant's breach of its obligations proximately caused J.V. damages, including loss of educational opportunities, and other direct and consequential damages that were foreseeable consequences of Defendant's actions.

49. J.V. is entitled to recover damages for Defendant's breach of its obligations in an amount to be determined at trial.

50. As addressed in the preceding paragraphs of this Complaint, J.V. could not possibly have received a meaningful hearing in a proceeding that never took place.

51. Defendant failed to comply with the agreement with Plaintiff as required under the contract, and this breach has proximately caused Plaintiff to suffer actual, incidental, and consequential damages.

## COUNT IV: NEGLIGENCE

52. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully restated herein and incorporates by reference paragraphs 1-19 as set forth above.

53. A Defendant is negligent when that person or entity has a legal duty, breaches that duty, and damages are proximately caused by the breach of duty. The components of proximate cause are cause-in-fact and foreseeability.

54. In conducting its investigation and adjudication of the allegations against J.V., JHCISD owed a common law duty to J.V. to exercise reasonable care, with due regard for the truth, an evenhanded application of procedure, and the important and irreversible consequences of its actions, as well as J.V.'s various liberty and property rights and interests generally.

55. Through the acts set forth above, JHCISD acting through its agents, servants and/or employees, breached that duty by carelessly, improperly, and negligently performing its assigned duties and facilitating a process that violated the rights and interests of J.V.

56. In particular, JHCISD has negligently trained and supervised the individuals it employs to investigate allegations, adjudicate those claims, or otherwise implement their policies.

57. As a direct result of JHCISD's negligence, and as a direct and proximate cause thereof, J.V. has been seriously and irreparably damaged in the following ways, among others, he has been separated from his right to deliver the valedictory at his upcoming graduation. Accordingly, JHCISD is liable to J.V. for negligence and for all damages arising out of that violation.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that this Honorable Court allow Plaintiff to recover and/or be provided from Defendant the following:

a. all damages allowed under the law, including monetary relief;

b. an injunction that prohibits Defendant from separating Plaintiff from his right to deliver the valedictory at his upcoming graduation;

c. compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, stress, and other nonpecuniary losses;

d. reasonable attorney's fees and costs, including reasonable expert fees;

e. pre- and post-judgment interest at the maximum rate allowed by law;

f. all direct damages;

g. consequential and incidental damages, which may include the value of lost income for advancements, lost salary income for future employment, and whatever else may be proven during the course of litigation;

h. compensatory and non-compensatory damages, whether general or special, in an amount deemed sufficient by a trier of fact;

i. liquidated and/or exemplary damages;

j. court costs, including the costs of litigation; and

k. any other relief that the Court deems appropriate.

Respectfully submitted,

GALE LAW GROUP, PLLC
525 Clifford Street
Corpus Christi, Texas 78404
Mailing Address:
P.O. Box 2591
Corpus Christi, Texas 78403
Telephone: (361)808-4444
Telecopier: (361)232-4139

By: /s/ *Christopher J. Gale*
Christopher J. Gale
Southern District Bar No. 27257
Texas Bar No. 00793766
Email: Chris@GaleLawGroup.com
*Attorney-In-Charge for Plaintiff*
By: /s/ *Amie Augenstein*
Amie Augenstein
Southern District Bar No. 2236723
Texas Bar No: 24085184
Email: Amie@GaleLawGroup.com
*Attorney for Plaintiff*

## **Demand for Jury Trial**

Plaintiff hereby demands trial by jury pursuant to Fed. R. Civ. P. 38(b).

## **CERTIFICATE OF SERVICE**

   I hereby certify that although counsel of record for Defendant has not yet been identified, on this, the 25th day of May, 2023, a true and correct copy of the forgoing was served on Juan Cruz, general counsel for the Jim Hogg County Independent School District by the means indicated below:

Juan Cruz                *Via E-Mail: jcruz@jca-law.com*
Cruz & Associates, LLC
4466 South Staples St.
Corpus Christi, Texas 78411

                 /s/ *Christopher J. Gale*
                 Christopher J. Gale